UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert G. Modrall,<br><br>    Plaintiff,<br><br>    v.<br><br>Sandra Shuler,<br><br>    Defendant. | Case: 1:16-cv-00190<br>Assigned To : Unassigned<br>Assign. Date : 2/4/2016<br>Description: Pro Se Gen. Civil (F Deck) |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3). In addition, a complaint may be so "patently insubstantial" as to deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009); *see Caldwell v. Kagan*, 777 F. Supp. 2d 177, 178 (D.D.C. 2011) ("A district court lacks subject matter jurisdiction when the complaint 'is patently insubstantial, presenting no federal question suitable for decision.'") (quoting *Tooley*, 586 F.3d at 1009).

1

Plaintiff is a District of Columbia resident. He accuses the defendant, whom he affiliates with the "Office of the Special Counsel," of "conspiring and [being] complicit in drug and human trafficking on an enormous scale." Plaintiff claims, among other aspersions, that defendant is "a kingpin in a transnational organized crime ring." Plaintiff vents his disapproval. He does not claim to have suffered an injury, and he demands no relief. Even if the Court were to exercise jurisdiction, the complaint is frivolous and, thus, subject to dismissal under 28 U.S.C. § 1915(e). *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (a court may dismiss claims that are "essentially fictitious"-- for example, where they suggest "bizarre conspiracy theories . . . [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). Hence, this case will be dismissed with prejudice.

DATE: February __3__, 201_6_

_____
United States District Judge
J. Boasberg